**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ECSON CAIMITE,**

                **Plaintiff,**

                v.

**A. RODRIGUEZ et al.,**

                **Defendants.**
_____

**9:17-cv-919
(GLS/CFH)**

## SUMMARY ORDER

On April 9, 2020, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order (R&R), which recommends that defendants A. Rodriguez's and J.A. Esgrow's motion for summary judgment be denied. (Dkt. No. 72.) Pending before the court are defendants' objections to the R&R. (Dkt. No. 73.)

Only specific objections warrant de novo review. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3-5 (N.D.N.Y. Jan. 18, 2006). Objections that are general, conclusory, frivolous, or a mere reiteration of an argument already made to the Magistrate Judge trigger only clear error review. *See id.* at *4-5.

Only two of defendants' arguments are arguably specific objections, for which the court has conducted de novo review. *See id.* at *3-4. First,

defendants contend that Judge Hummel erred in relying on *Rosales v. Bennett*, 297 F. Supp. 2d 637 (W.D.N.Y. 2004), and *Sweet v. Wende Corr. Facility*, 253 F. Supp. 2d 492 (W.D.N.Y. 2003), and concluding that a plaintiff does not have to specifically raise all issues in a hearing appeal to preserve or exhaust his claims.  (Dkt. No. 73 at 4-7.)  Second, defendants argue that Judge Hummel erred in relying on *Thomas v. Calero*, 824 F. Supp. 2d 488 (S.D.N.Y. 2011), and concluding that a triable question of fact exists with regard to whether Rodriguez was personally involved in a constitutional violation, because a review of the record, as well as Rodriguez's declaration, shows that he lacked sufficient personal involvement.  (*Id.* at 7-9.)

    Having carefully considered the R&R in light of defendants' objections, the court sees no reason to repeat what is said in the R&R in conducting de novo review because this court reaches the same conclusions as those reached by Judge Hummel.  (Dkt. No. 72 at 18-26.)

    Defendants' remaining arguments are "general, conclusory, perfunctory, [and] a mere reiteration of . . . argument[s] [already] made," which triggers review only for clear error.  *See Rahman v. Fischer*, No. 9:10-cv-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014)

2

(collecting cases); *Almonte*, 2006 WL 149049, at *4 (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement").

For instance, defendants contend that Judge Hummel erred in concluding that triable issues of fact exist as to whether Esgrow violated Caimite's constitutional due process rights because, according to defendants, Judge Hummel "ignore[d] the fact that it is [d]efendants' position that [Caimite] never called J. Webster/the tester as a witness," and "ignore[d] th[e] fact that, . . . [when] asked what witnesses he wanted to call, [Caimite] requested several witnesses, but made no mention of J. Webster or the person who performed the drug testing."  (Dkt. No. 73 at 9-10.)  However, as the R&R illustrates, the opposite is actually true. Indeed, Judge Hummel specifically addressed, and, after a thorough analysis, rejected, these same arguments.  (Dkt. No. 72 at 12-18.)

Lastly, defendants maintain that Judge Hummel erred in concluding that a triable issue of fact exists as to whether defendants are entitled to qualified immunity, and that the court incorrectly concluded this by its "mistaken analysis of [Caimite's] due process claims."  (Dkt. No. 73 at 10.) This gripe is entirely conclusory and reiterates a previous argument made

3

by defendants in their motion for summary judgment, and, thus, triggers only clear error review.  (Dkt. No. 60, Attach. 10 at 10-11); *see Almonte*, 2006 WL 149049, at *4-5.

After reviewing the R&R, there is no apparent, let alone clear, error in Judge Hummel's analysis, which squarely addresses defendants' arguments and provides multiple, appropriate reasons for denying defendants' motion for summary judgment.  (Dkt. No. 72 at 12-18, 22-23). Accordingly, the R&R, is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 72) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 60) is **DENIED**; and it is further

**ORDERED** that this case is now deemed trial ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

4

September 23, 2020
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge

5